1  Lionel Z. Glancy (SBN #134180)
   Robert V. Prongay (SBN #270796)
2  Casey E. Sadler (SBN #274241)
   Lesley F. Portnoy (SBN #304851)
3  **GLANCY PRONGAY & MURRAY LLP**
   1925 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone: (310) 201-9150
5  Facsimile:  (310) 201-9160
   Email: rprongay@glancylaw.com
6
7  *Proposed Co-Lead Counsel for Movant and the Class*

8  [*Additional counsel on signature page*]

9

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**

11
   BRIAN H. ROBB, Individually and on Behalf    ) Case No. 3:16-cv-00151-SI
12 of All Others Similarly Situated,            )
                                                ) **NOTICE OF MOTION AND MOTION**
13                          Plaintiff,          ) **OF FITBIT INVESTOR GROUP FOR**
                                                ) **APPOINTMENT AS LEAD**
14                    v.                         ) **PLAINTIFF AND APPROVAL OF**
                                                ) **COUNSEL; MEMORANDUM OF**
15 FITBIT INC., JAMES PARK, and WILLIAM         ) **POINTS AND AUTHORITIES IN**
16 R. ZERELLA,                                  ) **SUPPORT THEREOF**
                                                )
17                          Defendants.         ) **CLASS ACTION**
                                                )
18                                              )
                                                ) JUDGE:   Hon. Susan Illston
19                                              ) DATE:    April 15, 2016
                                                ) TIME:    9 A.M.
20                                              ) CTRM:    1 – 17th Floor
                                                )
21                                              )
                                                )
22                                              )
                                                )
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on April 15, 2016, at 9 A.M., before the Honorable Susan Illston, in Courtroom 1, 17th Floor, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Timothy Flynn, Jesse M. Koth and Kelley Koth, Viet Tran, and Mark Cunningham (collectively, the "Fitbit Investor Group" or "Movant") by and through their undersigned counsel will, and hereby do, move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order (1) appointing Movant as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Fitbit, Inc. ("Fitbit" or the "Company") between June 18, 2015 and January 6, 2016, both dates inclusive (the "Class Period"), pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA; (2) approving Lead Plaintiff's selection of Glancy Prongay & Murray LLP and Pomerantz LLP as Co-Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Movant submits the attached Memorandum of Points and Authorities, the Declaration of Robert V. Prongay ("Prongay Decl.") and exhibits attached thereto, pleadings and other filings herein, as well as such further argument as the Court may allow at the hearing on this motion.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on its losses of approximately $3,176,023, which were suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced action.  Further, Movant satisfies the

requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims, and it will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the member of the Class that the Court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant believes that it is the "most adequate" plaintiff as defined by the PSLRA and should be appointed Lead Plaintiff for the Class. Movant believes it has the largest financial interest in this action due to the financial losses it suffered as a result of the defendants' misconduct. Movant also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, Movant's selection of Glancy Prongay & Murray LLP and Pomerantz LLP to serve as Co-Lead Counsel should be approved because the firms possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

### II.     STATEMENT OF FACTS

Fitbit manufactures and provides wearable fitness-tracking devices worldwide. The Company's main products are wrist bands and clippable devices that purport to monitor a user's fitness activity by tracking his or her health and fitness activities. Among the Company's products are Fitbit Charge HR, a wireless heart rate and activity wristband, and Fitbit Surge, a fitness watch that consists of a GPS watch, heart rate tracker, activity tracker and smartwatch. Fitbit sells its products primarily through retailers and distributors.

On January 6, 2016, a consumer class action lawsuit was filed against Fitbit in the U.S. District Court for the Northern District of California, alleging that the heart rate monitoring systems on the

company's wearable devices were dangerously inaccurate. The claims against Fitbit include violations of California's Unfair Competition Law and Consumers Legal Remedies Act, common law fraud and unjust enrichment. Upon this news, Fitbit stock dropped $1.40, or 5.8%, to close at $22.90 on January 6, 2016.

On February 23, 2016, the Company's shares fell $3.44 per share, or 21%, to close at $13.08 per share, as a result of news that Fitbit was lowering its revenue and profit forecasts, citing higher costs and slower-than-expected sales from the rollout of its newest products.

The complaint in the above-captioned action alleges that throughout the Class Period, FitBit and certain officers (collectively, "Defendants") made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose the following: (i) Fitbit's heart rate monitoring technology was inaccurate and did not consistently deliver accurate heart rate readings during exercise; (ii) the inaccuracy of Fitbit's heart rate monitoring technology posed serious health risks to users of Fitbit's products; and (iii) as a result of the foregoing, Fitbit's public statements were materially false and misleading at all relevant times.

## III.   ARGUMENT

### A.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by a movant or purported class members seeking appointment as lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and, thus, is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

### 1.      Movant Is Willing to Serve As Class Representative

On January 11, 2016, counsel in this action caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants herein and advised investors of Fitbit securities that they had until March 11, 2016 to file a motion seeking appointment as lead plaintiff.  *See* Prongay Decl., Ex. A.

Movant has filed the instant motion pursuant to the Notice and has attached signed certifications attesting that the members of the Fitbit Investor Group are willing to serve as class representatives for the Class and provide testimony at deposition and trial, if necessary. *See* Prongay Decl., Ex. B.  The Fitbit Investor Group believes that it is a small and cohesive group that will provide more than adequate representation for the Class.  However, if the Court determines that an individual

lead plaintiff rather than a group is more appropriate to represent the Class in this action, then each member of the Fitbit Investor Group is ready, willing and able to serve as lead plaintiffs indidivually as well.

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Movant Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii), *Cavanaugh*, 306 F.3d at 730; *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

At the time of the filing of this motion, Movant believes that it has the largest financial interest of any of the lead plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[1]

During the Class Period, (1) Movant purchased 500,469 shares of Fitbit common stock; (2) expended approximately $16,822,498 on its purchases of Fitbit stock; and, (3) as a result of the revelations of the fraud, suffered a loss of approximately $3,176,023.  *See* Prongay Decl., Ex. C. Because Movant possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re*

[1]    *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

*McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *Olsten*, 3 F. Supp. 2d at 296 ; *Lax*, 1997 WL 461036, at *5.

### 3.   Movant Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims has the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See In re Sterling Financial Corp.*, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is

satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent class members, and their claims are based on the same legal issues"). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Movant are typical of those of the Class. Movant alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew, or should have known, were false or misleading statements of material fact concerning Fitbit, or omitted to state material facts necessary to make their statements not misleading. Movant purchased, as did all members of the Class, Fitbit securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Movant will adequately represent the interests of the Class. There is no antagonism between the interests of Movant and those of the Class, and the Fitbit Investor Group's losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions, such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### 4.    Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Any Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted "only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II) (emphasis added).

The ability and desire of Movant to fairly and adequately represent the Class have been discussed above. Movant is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, Movant should be appointed Lead Plaintiff for the Class.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with a lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Here, Movant has selected Glancy Prongay & Murray LLP and Pomerantz LLP as Co-Lead Counsel. Both firms are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes. *See* Prongay Decl., Exs. D & E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, counsel for Movant have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) appointing the Fitbit Investor Group as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP and Pomerantz LLP as Co-Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

| | |
|---|---|
| 1 | Dated: March 11, 2016 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

Dated: March 11, 2016

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: rprongay@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Brian P. Murray
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
bmurray@glancylaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499

*Proposed Co-Lead Counsel for Movant and the Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On March 11, 2016, I served the following documents:

**NOTICE OF MOTION AND MOTION OF FITBIT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL**

By posting the documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as listed on the attached Court's ECF Service List.

And on any non-ECF registered parties:

By U.S. Mail:  By placing true and correct copies thereof in individual sealed envelope: with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence or mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 11, 2016, at Los Angeles, California.


*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 3:16-cv-00151-SI Robb v. Fitbit Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J Alexander Hood**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Patrick          V. Dahlstrom
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603

Marc             Gorrie
Pomerantz, LLP
600 Third Avenue, 20th Floor
New York, NY 10016
```