**GLANCY PRONGAY & MURRAY LLP**
Brian P. Murray (*pro hac vice*)
Garth A. Spencer (*pro hac vice*)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone:     (212) 682-5340
Facsimile:     (212) 884-0988
Email:          bmurray@glancylaw.com
                gspencer@glancylaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
Aatif Iqbal (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:     (212) 661-1100
Facsimile:     (212) 661-8665
Email:          mjsteven@pomlaw.com
                aiqbal@pomlaw.com

*Lead Counsel for Plaintiffs*
*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN H. ROBB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT INC., JAMES PARK, WILLIAM R. ZERELLA, ERIC N. FRIEDMAN, JONATHAN D. CALLAGHAN, STEVEN MURRAY, CHRISTOPHER PAISLEY, MORGAN STANLEY & CO. LLC, DEUTSCHE BANK SECURITIES INC., and MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,<br><br>Defendants. | No. 3:16-cv-00151-SI<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          December 9, 2016<br>Time:          2:30 p.m.<br>Judge:         Hon. Susan Illston<br>Courtroom:     1 – 17th Floor |

Defendants Fitbit, Inc. ("Fitbit"), James Park, William R. Zerella, Eric N. Friedman, (together with Fitbit, the "Exchange Act Defendants"), Jonathan D. Callaghan, Steven Murray, and Christopher Paisley, (together with the Exchange Act Defendants, the "Fitbit Defendants"), Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (the "Underwriter Defendants" and together with the Fitbit Defendants, "Defendants"), and Lead Plaintiff the Fitbit Investor Group ("Lead Plaintiff" and together with Defendants, the "Parties") by and through their undersigned counsel of record submit this Joint Case Management Statement in advance of the December 9, 2016 Case Management Conference.

## 1. **Jurisdiction and Service**

Lead Plaintiff alleges in paragraphs 15-16 of the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331, Section 22 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77v), and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §78aa).

Defendants do not contest subject-matter jurisdiction, personal jurisdiction, or venue. No parties remain to be served.

## 2. **Facts**

### a. **Brief Chronology of Facts**

Fitbit was founded in 2007 in San Francisco. On October 27, 2014, Fitbit issued a press release announcing its Charge HR and Surge devices, the first to include Fitbit's PurePulse[TM] heart-rate tracking technology. Fitbit officially launched the Charge HR and Surge devices on January 6, 2015.

Fitbit conducted an initial public offering ("IPO") of its stock in June 2015, offering 22,387,500 shares at $20 per share. Fitbit conducted a follow-on public offering ("Follow-On"), offering 3 million shares at $29 per share. Certain stockholders also sold shares in the IPO and Follow-On. Lead Plaintiff claims to have purchased Fitbit Class A common stock between June 2015 and January 2016.

On January 5, 2016, Fitbit announced a new device called the Blaze. That same day, a putative class action was filed against Fitbit alleging that PurePulse[TM] does not consistently and accurately record users' heart rates. *McLellan v. Fitbit, Inc.*, No. 3:16-cv-36 (N.D. Cal. Jan. 5, 2016). The initial

1    complaint in the present action was filed on January 11, 2016. On that date, Fitbit's Class A common

2    stock closed at a price of $18.85 per share.

3         On or about February 22, 2016, television station WTHR in Indianapolis posted an article to its

4    website that discussed the accuracy of the Charge HR.  February 22, 2016 is also the day Fitbit

5    announced earnings for the fourth quarter and fiscal year 2015, as well as its expectation of increased

6    costs in the first quarter of 2016.

7         On May 19, 2016, plaintiffs in the *McLellan* action filed an amended complaint attaching as an

8    exhibit a report that discusses the accuracy of the Charge HR and Surge. On that date, Fitbit's Class A

9    common stock closed at a price of $13.99 per share.

10        **b.  Principal Factual Issues in Dispute**

11   Lead Plaintiff believes the following are the principal factual issues in dispute:

12   •   How accurate is the heart-rate tracking technology used in Fitbit devices, in particular

13       during moderate- or high-intensity exercise?

14   •   What did the Exchange Act Defendants know about the accuracy of Fitbit devices'

15       heart-rate tracking at various times from before the IPO through the end of the proposed

16       Exchange Act Class Period?

17   •   How much of the decline in Fitbit's stock price over January 5, 2016 to May 19, 2016 is

18       due to revelations about the accuracy of Fitbit devices' heart-rate tracking technology?

19   Defendants do not agree with Lead Plaintiff's principal factual issues. Defendants believe that

20   the following are the principal factual issues in dispute:

21   •   Whether Fitbit's statements to investors regarding the capabilities of its products were

22       materially false.

23   •   Whether the Individual Defendants made any of the allegedly misleading statements

24       with scienter.

25   •   Whether the decline in stock from January 5 to May 19, 2016 was caused by the

26       revelation that the challenged statements were false and misleading.

27

28

JOINT CASE MANAGEMENT STATEMENT

3

- Did the Securities Act Defendants, after conducting a reasonable investigation, have a reasonable ground to believe and did believe that the challenged statements were not false or misleading?
- To the extent that challenged portions of the IPO registration statement were made on the authority of experts, when the registration statement became effective, did the Securities Act Defendants have reasonable grounds to believe, and did they actually believe, that the challenged statements (i) were untrue, (ii) omitted a material fact required to be stated therein or necessary to make the statements not misleading, or (iii) did not fairly represent the statement of the expert?

**3.   Legal Issues**

- Whether Lead Plaintiff is an adequate or typical class representative.
- Whether a class of persons who purchased or otherwise acquired Fitbit's Class A common stock traceable to Fitbit's June 18, 2015 initial public offering (the "IPO") should be certified under Fed. R. Civ. P. 23.
- Whether a class of persons who purchased or otherwise acquired Fitbit securities between June 18, 2015 and May 19, 2016, both dates inclusive, should be certified under Fed. R. Civ. P. 23.
- Whether Defendants have violated Section 11 of the Securities Act.
- Whether the Exchange Act Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.
- Whether Defendants Park, Zerella, and Friedman are liable as controlling persons of Fitbit under Section 15 of the Securities Act.
- Whether Defendants Park, Zerella, and Friedman are liable as controlling persons of Fitbit under Section 20(a) of the Exchange Act.
- Whether the putative classes are entitled to compensatory damages and their reasonable costs and expenses incurred in this action.
- Whether Defendants' alleged liability is barred by one or more affirmative defenses.

**4.  Motions**

    **a.  Prior Motions**

- Numerous motions have been filed and granted for attorneys to appear *pro hac vice*.
- The Fitbit Investor Group filed a Motion to Appoint Lead Plaintiff and Lead Counsel (ECF No. 14), which was granted by an order (ECF No. 73) that also denied competing motions.
- Defendants filed an Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 84), which was granted (ECF No. 96).
- The Fitbit Defendants filed a Motion to Dismiss (ECF No. 107), and the Underwriter Defendants filed a Motion to Dismiss (ECF No. 110), both of which were denied (ECF No. 122).

    **b.  Anticipated Motions**

Lead Plaintiff anticipates filing a motion for class certification by March 3, 2017.  Lead Plaintiff will consider whether to file motions for summary judgment.

Defendants anticipate that, before the December 9, 2016 Case Management Conference, they will file a motion for partial reconsideration of the Court's October 26, 2016 Order Denying Defendants' Motions to Dismiss (ECF No. 122).  Defendants also anticipate filing a motion for summary judgment after the close of discovery.  Defendants also anticipate seeking leave to file an early, targeted motion for summary judgment on causation, directed at all claims.  Defendants may also file motions to stay certain of the related actions described below.

**5.  Amendment of Pleadings**

Lead Plaintiff filed the Amended Complaint on July 1, 2016.  (ECF No. 89.)  At this time, Lead Plaintiff does not anticipate seeking further amendment but reserves the right to seek leave to do so.

Defendants will file their Answers to the Amended Complaint on December 2, 2016.  At this time, Defendants do not anticipate any amendment to the Answers, but reserve the right to seek leave to do so.

The Parties propose a deadline of January 22, 2018 to amend pleadings, and a deadline of October 27, 2017, to add parties, claims or defenses.

**6. Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The Parties seek an extension to make initial disclosures until December 15, 2016. Full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 is expected to be completed on or before such date.

**8. Discovery**

**a. Discovery Taken to Date**

No discovery has been taken to date.

**b. Scope of Anticipated Discovery**

Without prejudice to their rights to supplement or amend the following categories, Defendants contend that discovery is required as to whether the Lead Plaintiff is an adequate or typical class representative, Lead Plaintiff's stock ownership and trading, reliance on the alleged misstatements, and damages. After a resolution of class-wide issues, Defendants reserve the right to seek discovery from absent class members related to individual issues. If such discovery becomes necessary, Defendants anticipate that it would occur after a trial on class-wide issues.

Without prejudice to their rights to supplement or amend the following categories, Lead Plaintiff contends that discovery is required as to, among other things, issues of liability, damages, and defenses, including the factual and legal issues set forth in the Parties' pleadings.

**c. Electronically Stored Information**

The Parties discussed e-discovery in their Fed. R. Civ. P. 26(f) conference, and agreed that developing an e-discovery protocol will be an ongoing process. The Parties have set a follow-up meeting to discuss e-discovery which will take place one week after Lead Plaintiff delivers initial discovery requests to the Defendants. At this time, the Parties have not considered entering into a stipulated e-discovery order.

### d.  Modification to Limits on Discovery

Lead Plaintiff believes that this case will warrant a departure from the presumptive limits on the number of depositions set forth in Fed. R. Civ. P. 30.  The Parties agree to confer in good faith regarding any expansion to the presumptive discovery limits at a later date.

### e.  Protective Order/Privilege/Inadvertent Disclosure

The Parties agree to meet and confer concerning the scope of an appropriate protective order. To the extent that the Parties believe there is a need to supplement the provisions of Federal Rule of Evidence 502 governing privilege and inadvertent disclosure of privileged documents or information, they will propose an order in conjunction with the anticipated protective order.

### f.  Discovery Plan

The Parties' current discovery plan consists of the above-described agreements and understandings reached in their Fed. R. Civ. P. 26(f) conference.  The Parties will revise their discovery plan after Lead Plaintiff delivers initial discovery requests to the Defendants, which is anticipated to occur in the near future.  The Parties have not identified any discovery disputes.

### 9.  Class Actions

Lead Plaintiff contends that this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Lead Plaintiff asserts the Exchange Act Claims on behalf of a putative class of all persons who purchased or otherwise acquired Fitbit securities on the open market between June 18, 2015 and May 19, 2016, both dates inclusive (the "Exchange Act Class").  Excluded from the putative Exchange Act Class are (1) Defendants and their immediate family members; (2) any entity in which Defendants have or had a majority interest; (3) directors and officers of Fitbit, and their families and affiliates; and (4) the legal representatives, heirs, successors, or assigns of any excluded party.  Lead Plaintiff asserts the Securities Act Claims on behalf of a putative class of all persons who purchased or otherwise acquired Fitbit Class A common stock pursuant and/or traceable to the Company's IPO (the "Securities Act Class").  Excluded from the putative Securities Act class are (1) Defendants and their immediate

family members; (2) any entity in which Defendants have or had a majority interest; (3) directors and officers of Fitbit, and their families and affiliates; and (4) the legal representatives, heirs, successors, or assigns of any excluded party.

Lead Plaintiff asserts that it is entitled to maintain the action under Fed. R. Civ. P. 23(b)(3) based on the facts alleged in paragraphs 121-26 and 189-97 of the Amended Complaint.

The Parties have agreed that Lead Plaintiff will move to certify the class on or before March 3, 2017. The Parties propose that the Court consider whether the case can be maintained as a class action on May 12, 2017.

**10. Related Cases**

- *Rivera v. Fitbit, Inc.*, Case No. CGC-16-555329 (San Francisco Super. Ct.). The *Rivera* action was filed in the Superior Court of California, County of San Mateo on April 28, 2016 and removed to this District on May 27, 2016. The Court issued an order (ECF No. 96) relating that action to the present action before issuing an order remanding the *Rivera* action back to San Mateo Superior Court on July 27, 2016. On September 19, 2016, the San Mateo Superior Court ordered that the *Rivera* action be transferred to the Superior Court of California, County of San Francisco.

- *da Luz v. Fitbit, Inc.*, Case No. CGC-16-552062 (San Francisco Super. Ct.). The *da Luz* action was filed in the Superior Court of California, County of San Francisco on May 17, 2016 and removed to this District on June 16, 2016. The Court issued an order (ECF No. 96) relating that action to the present action before issuing an order remanding the *da Luz* action back to San Francisco Superior Court on July 27, 2016.

- *McLellan, et al. v. Fitbit*, *Inc.*, Case No. 3:16-cv-00036-JD (N.D. Cal.). The *McLellan* action was filed on January 6, 2016. On April 5, 2016, certain Defendants filed an administrative motion to relate the present action to the *McLellan* action. That motion was subsequently denied.

- *Blackburn v. Park, et al.*, Case No. 3:16-cv-06558-SI (N.D. Cal.). The *Blackburn* action was filed on November 11, 2016. In his civil cover sheet, the *Blackburn* plaintiff identified the present action as a related action.

**11. Relief**

The Amended Complaint (ECF No. 89) prays for the following relief:

- Awarding compensatory damages in favor of Lead Plaintiff and the other Securities Act Class members against all Securities Act Defendants, jointly and severally, for all damages sustained as a result of Securities Act Defendants' violations of the Securities Act, in an amount to be proven at trial, including interest thereon;

- Awarding compensatory damages in favor of Lead Plaintiff and the other Exchange Act Class members against all Exchange Act Defendants, jointly and severally, for all damages sustained as a result of Exchange Act Defendants' violations of the Exchange Act, in an amount to be proven at trial, including interest thereon;

- Awarding Lead Plaintiff, the Securities Act Class, and the Exchange Act Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

- Such other and further relief as the Court may deem just and proper.

At present, prior to discovery, Lead Plaintiff cannot precisely quantify the damages sought. Lead Plaintiff will calculate the damages suffered by the class based on a report prepared by a firm with expertise in calculating damages in securities class action lawsuits.

Defendants contend that if liability is established, the method for calculating damages should be calculated based in part on expert testimony and will depend in part on the basis for liability and damages calculations asserted by Lead Plaintiff.

**12. Settlement and ADR**

Settlement is not anticipated in the near term; however, the Parties will continue to evaluate the prospects for settlement as discovery progresses. The Parties discussed the ADR process in their Fed. R. Civ. P. 26(f) conference. In compliance with Civil L.R. 16-8(b) and ADR L.R. 3-5(b) the Parties have filed ADR certifications, and have filed a stipulation to pursue private mediation (ECF No.

129).  The Parties will be better positioned to negotiate a resolution after conducting initial discovery and/or after receiving a ruling on Defendants' anticipated motions for summary judgment.

**13. Consent to Magistrate Judge For All Purposes**

All Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties are not currently aware of any issues that can be narrowed by agreement or by motion.  The Parties anticipate that the presentation of evidence at trial may be expedited through stipulation of uncontested facts.  The Parties reserve their rights to request the bifurcation of issues, claims, or defenses.

**16. Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

The Parties propose the following scheduling dates:

- March 3, 2017:  Last Day for Lead Plaintiff to move for class certification
- May 12, 2016:  Hearing on class certification motion
- Parties will meet and confer regarding  date for designation of experts
- December 22, 2017:  End of fact discovery
- March 2, 2018:  End of expert discovery, discovery cutoff
- April 6, 2018:  Last day to file dispositive motions
- May 11, 2018:  Last day to file oppositions to dispositive motions
- June 1, 2018:  Last day to file replies supporting dispositive motions
- June 29, 2018: Last day to hear dispositive motions
- October 19, 2018: Pretrial conference

JOINT CASE MANAGEMENT STATEMENT

- November 5, 2018: Trial

**18. Trial**

The case will be tried to a jury.  The trial is expected to last 10 to 15 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Lead Plaintiff has filed a Certificate of Interested Entities (ECF No. 17) certifying that no financial or other interest in this proceeding is known other than that of the named parties to the action.

Defendant Fitbit has filed a Certificate of Interested Entities (ECF No. 52) identifying the following as having a financial or other interest in this proceeding:

- Eric N. Friedman
- Columbia Management Investment Advisers, LLC
- Foundry Group Funds
- SoftBank PrinceVille Investments, L.P.
- True Ventures II, L.P.

Defendant Deutsche Bank Securities Inc. has filed a Certificate of Interested Entities (ECF No. 103) identifying the following as having a financial or other interest in this proceeding:

- DB U.S. Financial Markets Holding Corporation
- DB USA Corporation
- Deutsche Bank AG

Defendant Morgan Stanley & Co. LLC has filed a Certificate of Interested Entities (ECF No. 104) identifying the following as having a financial or other interest in this proceeding:

- Morgan Stanley Domestic Holdings, Inc.
- Morgan Stanley Capital Management, LLC
- Morgan Stanley
- Mitsubishi UFJ Financial Group, Inc.

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated has filed a Certificate of Interested Entities (ECF No. 105) identifying the following as having a financial or other interest in this proceeding:

- BAC North America Holding Company

- NB Holdings Corporation
- Bank of America Corporation

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

The Parties are not currently aware of any other matters that should be brought to the Court's attention in order to facilitate the just, speedy, and inexpensive disposition of this matter.


DATED: December 2, 2016

<div style="margin-left:auto;">

**GLANCY PRONGAY & MURRAY LLP**
By: */s/ Garth A. Spencer*
Brian P. Murray (*pro hac vice*)
Garth A. Spencer (*pro hac vice*)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone:     (212) 682-5340
Facsimile:     (212) 884-0988
Email:         bmurray@glancylaw.com
               gspencer@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (SBN #134180)
Robert V. Prongay (SBN #270796)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160
Email:         rprongay@glancylaw.com

</div>

JOINT CASE MANAGEMENT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
Aatif Iqbal (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:      (212) 661-1100
Facsimile:      (212) 661-8665
Email:           jalieberman@pomlaw.com
                     mjsteven@pomlaw.com
                     aiqbal@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:      (312) 377-1181
Facsimile:      (312) 377-1184
Email:           pdahlstrom@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN #282790)
468 North Camden Drive
Beverly Hills, California 90210
Telephone:      (818) 532-6449
Email:           jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

DATED: December 2, 2016

**O'MELVENY & MYERS LLP**
By: */s/ William J. Sushon*
Jonathan Rosenberg (*Pro Hac Vice*)
jrosenberg@omm.com
William J. Sushon (*Pro Hac Vice*)
wsushon@omm.com
Seven Times Square
New York, NY 10036
Telephone: 212.326.2000
Facsimile: 212.326.2061

JOINT CASE MANAGEMENT STATEMENT

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O'MELVENY & MYERS LLP**
Matthew D. Powers (S.B. #212682)
mpowers@omm.com
Two Embarcadero Center
San Francisco, CA 94111
Telephone: 415.984.8700
Facsimile: 415.984.8701

*Counsel for Defendants Morgan Stanley
& Co. LLC, Deutsche Bank Securities
Inc., and Merrill Lynch, Pierce, Fenner
& Smith Incorporated*

DATED: December 2, 2016

**MORRISON & FOERSTER LLP**
By: */s/ Ryan M. Keats*
Jordan Eth (CA SBN 121617)
JEth@mofo.com
Anna Erickson White (CA SBN 161385)
AWhite@mofo.com
Ryan M. Keats
RKeats@mofo.com
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendants Fitbit Inc.,
James Park, William R. Zerella, Eric N.
Friedman, Jonathan D. Callaghan,
Steven Murray, and Christopher Paisley*

JOINT CASE MANAGEMENT STATEMENT

14