UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN H. ROBB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT INC., JAMES PARK, WILLIAM R. ZERELLA, ERIC N. FRIEDMAN, JONATHAN D. CALLAGHAN, STEVEN MURRAY, CHRISTOPHER PAISLEY, MORGAN STANLEY & CO. LLC, DEUTSCHE BANK SECURITIES INC., and MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,<br><br>Defendants. | No. 3:16-cv-00151-SI<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER REGARDING PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND PLAINTIFF COMPENSATORY AWARDS (AS AMENDED)<br><br>Hon. Susan Illston |

On the 20th day of April, 2018, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated January 18, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Fitbit Inc. ("Fitbit"), James Park, William R. Zerella, Eric N. Friedman, Jonathan D. Callaghan, Steven Murray, and Christopher Paisley (the "Individual Defendants," and together with Fitbit, the "Fitbit Defendants"), Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (the "Underwriter Defendants" and together with the Fitbit Defendants, "Defendants")[1]; (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and (3) whether to approve Plaintiffs' application to the Court for an award of attorneys' fees, reimbursement of expenses, and compensatory awards for the Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

---

[1] Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants are collectively referred to as the "Parties".

It appearing that the Notice and Proof of Claim substantially in the form approved by the Court in the Preliminary Approval Order (Dkt. No. 207) ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action (the "Action"), and over all Parties to this Action including Plaintiffs, the Defendants, and all Settlement Class Members, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. This Order addresses matters not otherwise addressed in the Court's Order and Final Judgment entered in the Action on April 23, 2018. *See* Dkt. No. 234.

4. Co-Lead Counsel are awarded attorneys' fees in the amount of $**_5,540,000.00___** and expenses in the amount of $**_236,552.79___**, such amounts to be paid from out of the Settlement Fund within ten calendar days following entry of this Order.

The attorneys' fees that the Court awards today equate to 16.8% of the common fund. The Court finds this amount to be fair and reasonable in light of the results achieved, the risks to plaintiffs' counsel, the contingent nature of the case, and the difficulty of the question presented. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The Court awards a lower percentage of the common fund than the 25% that plaintiffs requested because this case did not present novel questions of law, nor was it so heavily litigated as to create a great burden for counsel in prosecuting the case. *See id.* at 1048 ("The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."). Although plaintiffs filed a motion for class certification and defendants filed a motion for summary judgment, neither motion reached resolution. The parties ultimately stipulated that the classes should be certified, and there was no court hearing on summary judgment because the parties entered mediation. Only defendants' motion to dismiss was litigated from start to finish.

Performing a cross-check with the lodestar, the amount the Court awards today would give

plaintiffs' counsel a multiplier on their claimed lodestar of approximately 1.5.  *See* Dkt. No. 211, Murray Decl. ¶ 30 (claiming lodestar of $3,693,381.25).  If the Court were to award fees based on the lodestar method of calculation, the Court would have reservations about over-billing, given that plaintiffs are represented by three firms, one of which did not make a formal appearance in the case and was expressly not appointed as co-lead counsel.  *See* Dkt. No. 73 at 10, 12.  At the time that it appointed two co-lead counsel firms, the Court cautioned plaintiffs' counsel that, in the event fees were warranted, the Court would award only "<u>reasonable</u> attorneys' fees" and would scrutinize any fee requests "to ensure there were no duplication of efforts attributable to the co-lead counsel arrangement."  *Id.* at 13.  Although the Court now calculates attorneys' fees using the percentage-of-the-common-fund approach, a lodestar cross-check further supports the Court's reduction of the requested fee amount.  For all these reasons, the Court finds that an award of $5,540,000.00 in attorneys' fees is reasonable in this case.

In making the award of expenses, the Court reviewed Brian P. Murray's supplemental declaration, which provides further detail on the expenses for which plaintiffs seek reimbursement.  *See* Dkt. No. 238.  The Court is satisfied that the majority of the expenses are fair and reasonable, with the exception of certain meal and travel expenses.  As an example, Mr. Murray billed three separate flights each for a single court appearance in January 2017, in April 2017, and again in December 2017.  As another example, Patrick Dahlstrom billed $844.20 for a round-trip flight from Chicago on April 15, 2016, but Mr. Dahlstrom did not make an appearance on the record at the April hearing and is not listed among the fifteen individuals from his firm who billed time on this case.  Plaintiffs' counsel also seek reimbursement for meals and car services not associated with any travel.  *See id.*, Ex. A at 4-5 (billing "late night meals," car services, and taxis).  Without further information, the Court is unable to find that such expenses were reasonably incurred.  Accordingly, the Court has reduced the award of expenses by twenty-five percent in the category of "Travel and meals," for an award of $17,548.75 in that category.

5.     In the event that the Court's Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten business days from the event which precludes the Effective Date from occurring or the termination of the Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

6.     Plaintiffs are awarded the following sums, as reasonable costs and expenses directly

relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement:

    Jesse M. Koth:    $__**1,425.00**__

    Kelley Koth:    $__**1,425.00**__

    Mark Cunningham:    $__**1,125.00**__

    Timothy Flynn:    $___**400.00**__

    Viet Tran:    $__**1,650.00**__

    7.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class members.

**SO ORDERED** in the Northern District of California on _____May 3_____, 2018.

                              THE HON. SUSAN ILLSTON
                              UNITED STATES DISTRICT JUDGE

.