UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FITBIT, INC. SHAREHOLDER DERIVATIVE LITIGATION | Case Nos. 16-cv-06558-SI<br>17-cv-03677-SI<br>18-cv-07103-SI<br>**ORDER OF ADMINISTRATIVE CLOSING** |

This is a consolidated shareholder derivative action consisting of: *Blackburn v. Park*, Case No. 16-cv-6558 (filed Nov. 11, 2016); *Wong v. Park*, Case No. 17-cv-3677 (filed June 27, 2017); and *Dua v. Park*, Case No. 18-cv-7103 (filed Nov. 21, 2018). This action has been effectively stayed since January 2017, first pending resolution of the federal securities class action, *Robb v. Fitbit*, Case No. 16-cv-151. *See* Docket No. 13.[1] The Court granted final approval of the federal securities class action settlement in April 2018. Case No. 16-cv-151, Docket No. 234. The parties then requested a further stay, which the Court granted, citing related derivative actions consolidated in the Delaware Court of Chancery.[2] Docket No. 27. The parties asked that the Court stay this action pending the Delaware Court of Chancery's ruling on defendants' motions to dismiss. *Id.* After the Court of Chancery denied the motions to dismiss, the parties requested, and this Court granted, a stay pending a ruling by the Delaware Supreme Court on Fitbit's application for certification of interlocutory appeal. Docket No. 35.

The parties represent that "on January 30, 2019, the Delaware Supreme Court entered an

---

[1] Unless otherwise noted, all citations to the docket refer to Case No. 16-cv-6558.

[2] The parties noted that a related derivative action pending in the District of Delaware had been stayed and administratively closed pending resolution of the federal securities class action. Case No. 16-v-6558, Docket No. 27 at 2.

Order refusing Fitbit's application for certification of an interlocutory appeal" of the Chancery Court's opinion denying defendants' motions to dismiss. Docket No. 36 at 3. The parties now ask this Court to continue to stay this case "while the Individual Defendants retain separate counsel and the parties discuss next steps in the litigation." *Id.*

Due to the prolonged inactivity of this federal case, and the successive requests to stay the case, this Court hereby ADMINISTRATIVELY CLOSES this case and shall retain jurisdiction. Counsel may move to reopen the action and lift the stay upon the conclusion of the proceedings in the Chancery Court or upon a showing of other good cause. By administratively closing the case, the Court finds that the parties' rights shall not be prejudiced in any way and that the parties do not waive and expressly reserve the right to assert any of their respective claims and defenses that they or any of them may have, including, but not limited to, defenses as to forum, venue, or jurisdiction.

**IT IS SO ORDERED**.

Dated: February 22, 2019

_____
SUSAN ILLSTON
United States District Judge